U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS T. SAWYER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-2303-K |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL. | § § § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Marcus T. Sawyer, appearing *pro se*, was ordered to attend a Rule 16 conference on January 22, 2010, and a show cause hearing on January 29, 2010. Because plaintiff failed to appear at both hearings, his pleadings should be stricken and his claims dismissed with prejudice.

I.

On October 16, 2009, plaintiff sued Mortgage Electronic Registration Systems, Inc. ("MERS"), J.P. Morgan Chase, Deutsche Bank National Trust Company, and others in Texas state court for fraud, negligence, and violations of Texas law in connection with a foreclosure action initiated against his property. Defendants, none of whom are Texas citizens, timely removed the case to federal district court on the grounds of diversity of citizenship. Following removal, the court issued a scheduling order and set a Rule 16 conference for January 22, 2010 at 10:00 a.m. The order makes clear that plaintiff must attend the conference "in person." *See* Order, 1/8/10. Plaintiff was duly notified of the conference, but failed to appear and did not communicate with the court regarding his absence.

The court scheduled a second hearing for January 29, 2010 at 11:00 a.m. Once again, plaintiff was ordered to appear at the hearing, "then and there to show cause why he should not be sanctioned for failing to attend the Rule 16 conference on January 22, 2010." *See* Order, 1/22/10. The show cause order put plaintiff on notice that "[s]uch sanctions may include an order striking [his] complaint and dismissing this action with prejudice." *Id., citing* FED. R. CIV. P. 16(f)(A) & 37(b)(2)(iii). Plaintiff was duly notified of the show cause hearing, but failed to appear. Instead, plaintiff's brother, Talance Sawyer,[1] attended the hearing and told the court that his brother was in Louisiana tending to a personal matter. No details were provided, other than that plaintiff had some kind of emotional problem and unspecified medical issue which prevented him from appearing in court.

II.

Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A)   fails to appear at a scheduling or other pretrial conference;
>
> * * * *
>
> (C)   fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1). Among the sanctions contemplated by this rule are "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii) & (v). In addition, Rule 41(b) authorizes dismissal of a civil action for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th

---

[1] Talance Sawyer seeks leave to join this case as a party-plaintiff. The court has taken that request under advisement and invited defendants to file a response addressing the threshold issue of standing.

Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The record in this case documents a clear history of delay and contumacious conduct by plaintiff. Not only did plaintiff fail to attend the Rule 16 conference on January 22, 2010, but he did not appear at the show cause hearing on January 29, 2010. The purpose of the show cause hearing was for plaintiff to explain his non-appearance at the Rule 16 conference the previous week and to give him an opportunity to avoid the imposition of sanctions, which plaintiff was told "may include an order striking [his] complaint and dismissing this action with prejudice." *See* Order, 1/22/10. Instead of taking advantage of that opportunity, plaintiff filed an unsworn pleading entitled "Notice to Show Cause for Nonattendance," in which he states that his failure to appear at the Rule 16 conference "was due to various times to illness and ongoing medical treatment, and at other times to immediate emergency personal matters set on short notice, including the extensive preparation time for those emergency matters." (Plf. Not. at 1, ¶ 1). This vague and conclusory pleading is insufficient to excuse plaintiff's failure to attend the Rule 16 conference. Nor does plaintiff offer any evidence to support the reasons given for his non-appearance. Moreover, plaintiff offers no explanation for failing to personally appear at the show cause hearing on January 29, 2010. Even plaintiff's brother, who attended the show cause hearing, could not adequately explain why plaintiff

ignored a court order directing him to personally appear at the hearing, other than to say that plaintiff had some kind of emotional problem and unspecified medical issues. Under these circumstances, plaintiff's failure to comply with two court orders justifies the imposition of extreme sanctions. *See, e.g. Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders); *Petito v. Brewster*, No. 3-08-CV-0006-L, 2008 WL 906065 at *4 (N.D. Tex. Mar. 31, 2008), *aff'd*, 562 F.3d 761 (Table), 2009 WL 682392 (5th Cir. Mar. 17, 2009) (pleadings stricken and case dismissed where plaintiff failed to appear at two hearings without justification or excuse); *Eric D. Fein, P.C. & Assoc. v. Dinli Metal Industrial Co., Ltd.*, No. 3-07-CV-0012-K, 2007 WL 1741249 at *2 (N.D. Tex. Jun. 14, 2007) (default judgment entered against defendant who failed to appear at court-ordered status conference and show cause hearing); *DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199 at *2 (N.D. Tex. Apr. 2, 2004), *rec. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (same); *Gonzales v. HT&T Architects, Inc.*, No. 3-98-CV-0190-BD, 1998 WL 574381 at *2 (N.D. Tex. Aug. 31, 1998) (default judgment entered against defendant for failure to obtain counsel or appear at conference).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Where a plaintiff refuses to obey lawful orders without justification or excuse, dismissal is warranted.

III.

In the alternative, plaintiff has failed to state a claim upon which relief can be granted. The gravamen of plaintiff's fraud, negligence, and statutory claims is that defendants cannot foreclose on his property because they are not the "holders" of the Note and Deed of Trust and have not produced the original loan documents. However, Texas law allows a mortgage servicer, such as MERS, to

administer the foreclosure of property on behalf of a mortgagee if certain conditions are met. *See* TEX. PROP. CODE ANN. § 51.0025 (Vernon 2005). None of those conditions require the mortgage servicer to be the "holder" of the Note and Deed of Trust or to produce the original loan documents. Because all of plaintiff's claims are based on an erroneous legal assumption, his complaint should be summarily dismissed.

## RECOMMENDATION

Plaintiff Marcus T. Sawyer failed to appear at a Rule 16 conference and a show cause hearing without justification or excuse. As a result, his pleadings should be stricken and his claims dismissed with prejudice. *See* FED. R. CIV. P. 16(f) (1) & 37(b)(2)(A)(iii) & (v). In the alternative, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 1, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE